**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jacinto M.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General of the United States*; Markwayne Mullin, *Secretary of the Department of Homeland Security*; David Easterwood, *Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and the Kandiyohi County Jail Sheriff, in their official capacities,

Respondents.

File No. 26-CV-04799 (JMB/DTS)

**ORDER**

---

Jacinto Emiliano Moran Rodriguez, Wilmar, MN, self-represented.

David W. Fuller and Sarah Mazzie, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Blanche, Markwayne Mullin, and David Easterwood.

---

This matter is before the Court on Petitioner Jacinto M.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1-1 [hereinafter, "Pet."]), which names Todd Blanche, Markwayne Mullin, David Easterwood, and the Sheriff of Kandiyohi County Jail as Respondents. (*Id.*) The Court grants the Petition.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

## FINDINGS OF FACT

1. Jacinto M. is a 52-year-old native and citizen of Ecuador. (Pet. at 3.)

2. On November 5, 2023, Jacinto M. entered the United States near Eagle Pass, Texas, was briefly detained, released, and issued a Notice to Appear (NTA). (*Id.*)

3. After processing, Jacinto M. was released from custody pending resolution of his immigration proceedings. (*Id.*)

4. Jacinto M. is married and his wife also resides in the United States. (*Id.*)

5. On November 2, 2026, Jacinto M. drove his car to a location where he planned on working that day. (*Id.*) At some point between 8:30 a.m. and 9:00 a.m., while still in his vehicle, an individual approached Jacinto M.'s vehicle asking him if he was in search of work. (*Id.*) Jacinto M. answered in the affirmative and the individual told him he would return shortly. (*Id.*)

6. After waiting a little longer for the individual to return, Jacinto M. decided to return home. (*Id.* at 3–4.) Before he was able to drive off, two vehicles swarmed Jacinto M.'s car, blocking it and preventing him from leaving. (*Id.* at 4.) Immigration officers exited the vehicles, identified themselves, and ordered Jacinto M. to exit his vehicle. (*Id.*)

7. At all times, Jacinto M. complied with the immigration officer's requests. (*Id.*) Jacinto M. stayed, obeyed their commands, did not physically restrict their instructions, and provided true and accurate identifying information. (*Id.*) At no point did he attempt to flee, and his escape was unlikely if not impossible.

8. Instead, after Jacinto M. obeyed the immigration officer's request to step out of his vehicle, officers hit Jacinto M. and forced him to the ground. (*Id.*) Immigration

officers placed their body weight on Jacinto M. before placing him in handcuffs. (*Id.*) During the forceful altercation, Jacinto M. informed the officers that the pressure they were applying was causing him severe pain. (*Id.*) The immigration officers continued. (*Id.*)

9. Prior to his arrest, Jacinto M. suffered from an inguinal and testicular hernia. (*Id.* at 4.) The amount of force used during Jacinto M.'s arrest aggravated the preexisting injury and he has since experienced increased pain and inflammation in that area. (*Id.*)

10. Immigration officers took Jacinto M. into custody without a warrant (*id.* 9–10), and he has been detained in Kandiyohi County Jail in Willmar, Minnesota, since Respondents took him into custody. (*Id.* at 4.)

11. On October 12, 2026, Jacinto M. filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.)

12. On November 12, 2026, the Court ordered Respondents to file a response to the Petition on or before 11:00 a.m. on November 16, 2026. (Doc. No. 4.) The Court expressly ordered that Respondents make an affirmative statement whether Respondents complied "with the Immigration and Nationality Act and accompanying regulations when they took Petitioner into custody." (*Id.*)

13. Despite the Court's clear requirement to submit relevant documentation and a reasoned memorandum of law, on November 16, 2026, Respondents filed a two-page document indicating they "have decided not to file any materials" and attempting to justify their refusal to follow the Court's order. (Doc. No. 7 at 2.) In the two-page document,

Respondents do not raise any legal arguments in their response.[2]

## DISCUSSION

In his Petition, Jacinto M. seeks immediate release, arguing that his detention violates the requirements of the INA and accompanying regulations as well as the Due Process Clause. For the reasons set forth below, the Court grants the Petition.

### A. Right to Habeas Relief

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

---

[2] Although Respondents include a vague reference to arguments in prior cases and state that they "expressly preserve their prior arguments" (Doc. No. 7 at 2), they reference no specific prior argument (of which there have been thousands), develop no legal argument in response to the particular claims in this Petition, and make no attempt to justify the ongoing detention of Jacinto M.

**B. Respondents' Failure to Comply with 28 U.S.C. § 2243**

The habeas statute is clear. Once a habeas petition is filed, the Court must either grant the petition or order the responding party to show cause why the petition should not be granted. 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted."). In this District, and in the past ten months alone, Respondents have been ordered to respond to habeas petitions thousands of times, just as the habeas statute directs. Put simply, 28 U.S.C. § 2243 includes a mandatory requirement that the detaining party file a return: "The person to whom the writ or order is directed shall make a return certifying the true cause of the detention."

In this case, however, despite the routine practice followed in thousands of previous cases, notwithstanding this Court's scheduling order (Doc. No. 4 (requiring Respondents to submit a reasoned memorandum and accompanying documentation)), and contrary to the plain language of 28 U.S.C. section 2243, Respondents submitted no evidence. Instead, Respondents' counsel[3] filed a two-page document in which they advance no legal arguments responsive to the claims raised in the Petition and in which they dispute no facts. There is no reasonable interpretation of Respondents' two-page document that could satisfy section 2243. The Court is, therefore, compelled to conclude that the Petition is unopposed, and on that basis, the Court grants the Petition. *See Rodriguez Quiroz v. Lynch*, 835 F.3d

---

[3] The Court need not determine whether counsel is responsible for failing to comply with the Court's order and section 2243 or whether Respondents directed their attorney not to answer the Petition. Either way, the Petition stands uncontested.

809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), overruled on other grounds by *Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

**C. Violation of Applicable Regulatory and Statutory Requirements**

Separately and independently, the Court also grants the Petition based on the merits, concluding that Jacinto M. was not brought into custody pursuant to an authorized warrantless detention.

Under the INA, Respondents may take a person into custody if there is probable cause "to believe that the [noncitizen] so arrested is [1] in violation of any[] law or regulation [made in pursuance of law regulating the admission, exclusion, expulsion, or removal of noncitizens] and [2] is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2); *see also* 8 C.F.R. § 287.8 (c)(2)(ii) (stating that a warrant "shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained"); *U.S. v. Diaz-Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010) (concluding that the phrase "reason to believe" in section 1357(a)(2) means "constitutionally required probable cause"). Here, Respondents make no argument whatsoever that officers satisfied either prong of section 1357(a). (*See* Doc. No. 7.) Absent any argument, the Court necessarily concludes that Respondents have not established that at the time they initiated the detention, officers had

probable cause to believe Jacinto M. was likely to escape.[4] In addition, and in contrast to the facts in *Quintana*, 623 F.3d at 1238, 1240–41, the record presented in this case establishes that Jacinto M. was cooperative with detaining agents, has no criminal history, and had no fraudulent identification or immigration documents in his possession. Thus, the Court concludes that Respondents violated section 1357(a)(2).

**C. Release Pending Resolution of Removal Proceedings**

For both of these independent reasons, the detention of Jacinto M. is unlawful and immediate release is the appropriate remedy. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also, e.g.*, *Felix Alberto J.M. v. Blanche*, No. 26-CV-2944 (LMP/DLM), 2026 WL 1906596, at *5 (D. Minn. July 2, 2026) (concluding Respondents' detention of petitioner was invalid warrantless detention and petitioner was entitled to remedy of release); *Venancio P.J.*, 2026 WL 1862252, at *3 (same); *Hector J.A.S.*, 2026 WL 1243500, at *2 (ordering release of petitioner where respondents did not issue NTA until booking, well after taking the petitioner into custody); *Pina C.D.B. v. Bondi*, No. 26-CV-1929 (KMM/DJF), 2026 WL 810676, at *3 (D. Minn. Mar. 24, 2026) (concluding "immediate release is the proper remedy" when a person is taken into custody without a valid administrative warrant); *Jouquin C.S. v. Bondi*, No. 26-CV-1438 (DWF/DJF), 2026 WL 483256, at *2–3 (D. Minn. Feb. 20, 2026) (ordering release because

[4] Given the conclusion that Respondents have not established the second prong of section 1357(a)(2), the Court need not determine whether Respondents established the first prong of this section.

the Form I-200 was invalid); *Claudio A.A. v. Bondi*, No. 26-CV-742 (KMM/LIB), 2026 WL 468232, at *7 (D. Minn. Feb. 12, 2026) (concluding that failure to provide a warrant before taking a person into pursuant to section § 1226(a) is a violation of due process rights and collecting cases), *report and recommendation adopted*, No. 26-CV-742 (KMM/LIB), 2026 WL 478347 (D. Minn. Feb. 18, 2026); *Carlos F.P.P v. Blanche*, No. 26-CV-3123 (JWB/JFD), 2026 WL 2824801, at *7 (D. Minn. Sep. 21, 2026) (ordering release after finding that respondents did not follow § 1357 requirements of warrantless detention and § 1225 did not "independently authorize continuation of [petitioner's] custody").[5]

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner Jacinto M. immediately, without conditions, and in any event no later than 4:00 p.m. CT on November

[5] Although the Court need not address the question whether Respondents' warrantless arrest of Jacinto M. violates his due process rights under the Fifth Amendment, it nevertheless alternatively concludes that, on balance, the *Mathews v. Eldridge* due-process factors tip in his favor. Jacinto M. has a significant private interest at stake (i.e., his liberty, his detention in a carceral setting); the risk of erroneous deprivation through incarceration is needlessly high when available an inexpensive procedures protect against erroneous deprivations of liberty; and the federal government has very little interest in incarcerating individuals en masse who pose little or no risk of flight or danger to the community like Jacinto M., who had been conditionally paroled into the interior in 2023 upon a determination that he posed no such risks. Thus, Jacinto M.'s ongoing detention is also unlawful for this reason. *See, e.g.*, *R.M. v. Blanche*, No. 26-CV-2283 (LMP/DLM), 2026 WL 1506306 (D. Minn. May 29, 2026) (concluding that respondents' mandatory detention without bond under 8 U.S.C. § 1225(b)(2) and *Avila* violated petitioner's rights to procedural due process and ordering a bond hearing); *Jesus Alejandro G.A. v. Blanche*, No. 26-CV-1932 (LMP/ECW), 2026 WL 1383138 (D. Minn. May 18, 2026) (same).

17, 2026.

2. Petitioner's continued detention pending removal violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.

3. On or before 11:00 a.m. CT on November 18, 2026, counsel for Respondents shall file a letter affirming that they have released Petitioner Jacinto M.

4. On or before 11:00 a.m. CT on November 18, 2026, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589. If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property." If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

5. Petitioner Jacinto M. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

6. To the extent Petitioner Jacinto M. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 16, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court